IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| OWAIIAN JONES, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:14cv00522 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| SWANSON SERVICES CORP., *et al.*, | ) | By: Michael F. Urbanski |
|     Defendant. | ) | United States District Judge |

Owaiian Jones, a Virginia inmate proceeding *pro se*, filed this civil action against Swanson Services Food Corporation and John "and/or" Jane Doe, seeking $500,000 because the defendants violated his constitutional rights. Given the nature of Jones' claims, the court construed and docketed Jones' complaint under 42 U.S.C. § 1983. After reviewing the complaint, however, the court concludes that the lawsuit must be summarily dismissed as frivolous.

Jones alleges that the "on or about" September 17, 2014, the defendants started a new policy which required Jones to "give purchased materials (i.e. batteries) to receive new batteries without consideration and delaying [Jones] refunds [for] 7 days." Jones further alleges that the defendant, "via his new employee" "demonstrates rude, obnoxious, and some racial behavior. . . . [and] treats [Jones] differently than whites . . . ."

The court must dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is "frivolous, malicious, or fails to state a claim on which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1), (2). A "frivolous" claim is one that "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)). The court's statutory

authority to summarily dismiss frivolous complaints includes "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 327-28. Jones' legal claims under § 1983 are clearly baseless and, therefore, the court will summarily dismiss the action under § 1915A(b)(1) as frivolous.[1]

Entered: October 20, 2014

*Michael F. Urbanski*

Michael F. Urbanski
United States District Judge

---

[1] The court notes that Jones has filed twenty-eight civil actions in this court since July 10, 2014. See Civil Actions Nos. 7:14cv337, 7:14cv399, 7:14cv408, 7:14cv409, 7:14cv410, 7:14cv412, 7:14cv415, 7:14cv416, 7:14cv480, 7:14cv481, 7:14cv482, 7:14cv483, 7:14cv499, 7:14cv500, 7:14cv501, 7:14cv502, 7:14cv513, 7:14cv514, 7:14cv515, 7:14cv520, 7:14cv521, 7:14cv522, 7:14cv523, 7:14cv524, 7:14cv525, 7:14cv541, 7:14cv542, and 7:14cv543. Jones is advised that inmates do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, malicious, abusive, or vexatious motions. Demos v. Keating, 33 F. App'x 918 (10th Cir. 2002); Tinker v. Hanks, 255 F.3d 444, 445 (7th Cir. 2001); In re Vincent, 105 F.3d 943 (4th Cir. 1997). Jones is hereby notified that future frivolous and abusive filings may result in the imposition of a pre-filing injunction against him. Cromer v. Kraft Foods N. America, Inc., 390 F.3d 812, 819 (4th Cir. 2004).